United States District Court
Southern District of Texas
**ENTERED**
November 30, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| THEODORE FLANAGAN, § | |
| TDCJ # 02412422, § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:23-0760 |
| § | |
| BOBBY LUMPKIN, § | |
| § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER

Theodore Flanagan filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 when incarcerated in the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ).[1] His petition challenges a disciplinary conviction. The respondent filed a motion for summary judgment (Dkt. 15), and Flanagan responded (Dkt. 16). After reviewing the pleadings, the motion and response, and all matters of record, the Court concludes that summary judgment should be **granted** for the respondent for the reasons stated below.

## I.   BACKGROUND

At the time he filed his habeas petition, Flanagan was serving a one-year sentence based on a conviction in Nacogdoches County for theft of property (Dkt. 15-1). He

---

[1] Since filing his petition, Flanagan has been released from TDCJ. *See* Inmate Information Search, available at https://inmate.tdcj.texas.gov/InmateSearch/ (last visited Nov. 27, 2023). He has not submitted an updated address to the Court.

previously had been sentenced to 40 years in TDCJ in 1995 for robbery, and to 15 years in TDCJ in 1988 for aggravated assault (*id.*).

Flanagan's habeas petition does not challenge his conviction or sentence. Rather, he seeks relief from a disciplinary conviction at the Lychner Unit on December 12, 2022 in disciplinary case number 2023006387 (Dkt. 1, at 5; *see* Dkt. 15-2). Flanagan was convicted of establishing an inappropriate relationship with two nurses "by providing them with documentation he wrote to create a business" (*id*. at 3). He was punished by the loss of privileges including 45 days of recreation, 46 days of commissary, 46 days of telephone, 45 days of tablet, and several months of visitation (*id*. at 2). The record reflects no loss of good-time credits (*id.*; *see* Dkt. 1 at 5 (stating that he did not lose good time credits but lost "diligent participation" time). Flanagan states that he is eligible for release to mandatory supervision (*id.*).

The respondent has submitted an affidavit from the custodian of records for the Inmate Grievance Department of TDCJ stating that Flanagan filed a grievance, that the grievance was lost, and that Flanagan "refused to re-write and re-submit" the grievance (Dkt. 15-3). Flanagan states that he appealed his conviction to Step 1 of the grievance process but that his grievance was denied (Dkt. 1, at 5).

Flanagan raises four habeas claims challenging the disciplinary conviction: (1) his right to due process of the law was violated because the offense did not take place on the date charged; (2) his rights to equal protection and due process of the law were violated because he was denied counsel substitute and was not permitted to attend the hearing; (3) his right to be free of cruel and unusual punishment was violated because his

punishment was too severe; and (4) his right to due process of the law was violated because he did not engage in any physical, sexual relationship with the nurses (*id.* at 6-7).  He seeks reversal of his punishment and recalculation of the time on his sentence (*id*. at 7).

## II.     PRISON DISCIPLINARY PROCEEDINGS

This Court may hear Flanagan's petition because he filed the petition when incarcerated at the Lychner Unit in Harris County, which is within the boundaries of the Houston Division of the Southern District of Texas.  *See* 28 U.S.C. § 2241(d); 28 U.S.C. § 124(b)(2); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

### A. Due Process Claim

An inmate's rights in the prison disciplinary setting are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.  *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974).  Prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest.  *See Sandin v. Conner*, 515 U.S. 472 (1995); *Toney v. Owens*, 779 F.3d 330, 336 (5th Cir. 2015).  A Texas prisoner cannot demonstrate a due process violation in the prison disciplinary context without first satisfying the following criteria: (1) he must be eligible for early release on the form of parole known as mandatory supervision; and (2) the disciplinary conviction at issue must have resulted in a loss of previously earned good time credit.  *See Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000).[2]

---

[2] The respondent waived the exhaustion defense (Dkt. 15, at 5), and the Court does not rely on the exhaustion doctrine in reaching its decision.  Therefore, the Court need not address

3 / 7

Flanagan cannot demonstrate a constitutional violation in this case because his disciplinary sentence did not include the loss of previously earned good-time credit (Dkt. 15-2, at 3). This is fatal to his claims. *See Malchi*, 211 F.3d at 957-58. Although his conviction resulted in the loss of recreation, commissary, telephone, tablet, and visitation privileges, the Fifth Circuit has recognized that sanctions such as these, which are "merely changes in the conditions of [an inmate's] confinement," do not implicate due-process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).[3]

Flanagan's due process claims must be dismissed for failure to state a claim upon which relief may be granted.

**B. Other Claims**

Flanagan claims that the disciplinary proceedings violated his rights under the Equal Protection Clause and the Eighth Amendment. *See* Dkt. 1, at 6-7 (Claims 2 & 3).

Section 2254 authorizes a habeas petition on behalf of a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see* 28 U.S.C.

---

Flanagan's argument that he exhausted all levels of the administrative grievance procedure (Dkt. 16).

[3] Additionally, Flanagan's prior conviction for robbery renders him ineligible for mandatory supervision. Eligibility for mandatory supervision in Texas is "governed by the law in effect at the time the offense was committed." *See Ex parte Keller*, 173 S.W.3d 492, 495 (Tex. Crim. App. 2005) (cleaned up). TDCJ's webpage states that Flanagan committed the robbery offense on April 1, 1995. According to Texas law in effect on that date a person convicted of robbery is ineligible. *See* TEX. CODE OF CRIM. PROC. art. 42.18, § 8(c)(9) (1995) ("A prisoner may not be released to mandatory supervision if . . . the prisoner is serving a sentence for . . . a second degree felony under Section 29.02, Penal Code (Robbery)"); Dkt. 15-1.

§ 2241(c)(3). The federal habeas corpus statutes provide an avenue to attack the fact or duration of physical imprisonment and to obtain immediate or speedier release from confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 485-86 (1973) (clarifying the scope of federal habeas review). "Typically, habeas is used to challenge the fact or duration of confinement, and 42 U.S.C. § 1983 is used to challenge conditions of confinement." *Poree v. Collins*, 866 F.3d 235, 242-43 (5th Cir. 2017); *see Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (explaining that "constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of th[e] core" of habeas corpus and must be pursued in a civil rights suit).

Here, Flanagan's allegations regarding his attendance and representation at his hearing, as well as his allegations regarding the severity of his punishment, do not challenge the fact or duration of his imprisonment. Even if Flanagan were granted expungement of the disciplinary conviction he challenges, he would not be entitled to immediate or speedier release from confinement. Therefore, his claims are not actionable in a habeas corpus petition under § 2254. *See Poree*, 866 F.3d at 242-43. His claims therefore must be dismissed.

### III.   CERTIFICATE OF APPEALABILITY

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (cleaned up). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling" but also that the jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack*, 529 U.S. at 484; *see Pierre v. Hooper*, 51 F.4th 135, 137 (5th Cir. 2022) (a certificate of appealability may not issue based solely on a debatable procedural ruling).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV.    CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

6 / 7

1. The respondent's summary judgment motion (Dkt. 15) is **GRANTED**.

2. The relief sought in the federal habeas corpus petition (Dkt. 1) filed by Theodore Flanagan is **DENIED** and this case is **DISMISSED** with prejudice.

3. All pending motions, if any, are **DENIED as moot**.

4. A certificate of appealability is **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas, on _____November 30_____, 2023.

*George C. Hanks, Jr.*
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE